IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW J. BRENNER, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>BRITTNEY YOUNG,<br>    *Defendant* | Case No. 25-cv-1152-ABA |
| BRITTNEY YOUNG,<br>    *Plaintiff*,<br><br>v.<br><br>FREEDOM MORTGAGE CORP., *et al.*,<br>    *Defendants* | Case No. 25-cv-1567-ABA |

**MEMORANDUM OPINION AND ORDER**

On December 13, 2024, Andrew J. Brenner *et al.* initiated foreclosure proceedings in the Circuit Court for Baltimore City, Maryland against Brittney Young based on a mortgage on property at 810 Mount Holly St. in Baltimore, Maryland. Ms. Young then (1) filed a notice purporting to remove the foreclosure case itself to this Court, constituting case *Brenner et al. v. Young*, Case No. 25-cv-1152-ABA (the "*Brenner* case"), and (2) filed a separate complaint in this Court against the lenders in the foreclosure case, constituting case *Young v. Freedom Mortgage Corp., et al.*, Case No. 25-cv-1567-ABA (the "*Young* case").

Ms. Young has filed motions in both cases to proceed *in forma pauperis*, which shall be granted. But both cases are subject to dismissal.

Through both cases, the relief Ms. Young seeks is an order from this Court enjoining the Circuit Court from proceeding with the foreclosure. *See, e.g.*, *Young* ECF No. 3 at 1 (motion for a temporary restraining order to "halt[] any foreclosure or related action" in the foreclosure case); *Brenner* ECF No. 22 at 1 (requesting that this Court deem "unlawful" "[a]ny attempted foreclosure, auction, or transfer" of the subject property "without Plaintiff's express authorization"). But the federal Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because an injunction to stay state proceedings constitutes the entire relief that Ms. Young sought both in purporting to remove the *Brenner* case and in filing the *Young* case, the Court will remand the *Brenner* case as having been improperly removed and dismiss and close the *Young* case. *See Denny's, Inc. v. Cake*, 364 F.3d 521, 523 (4th Cir. 2004) ("[T]he Anti–Injunction Act bars all of the relief that [Plaintiff] seeks. Accordingly, we . . . remand for entry of an order dismissing the complaint for failure to state a claim upon which relief can be granted.).

In addition, Ms. Young has not established that this Court has federal subject matter over the *Brenner* case. Ms. Young asserts several cases or other authorities as the basis for federal jurisdiction, *see, e.g.*, *Brenner* ECF No. 1 at 2, but none are valid. The Plaintiffs in *Brenner* initiated a foreclosure action in state court prior to Ms. Young's removal, and "[f]oreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction." *Myers v. CFG Cmty. Bank*, Case No. 16-cv-3098-CCB, 2016 WL 4945009, at *2 (D. Md. Sept. 16, 2016). The question of whether federal question jurisdiction exists is generally

determined based on the four corners of a well-pleaded complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9 (1983). And while there is a "slim category" of cases in which, although "state law supplies the cause of action," federal courts "have jurisdiction under § 1331 because 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 208 (4th Cir. 2022), nothing about the foreclosure case indicates that it falls within that "slim category."

And as for the *Young* case, which Ms. Young characterizes as a "quiet title" action, Ms. Young cites 28 U.S.C. § 2409a and Federal Rule of Civil Procedure 57 as the basis for her claim. *Young* ECF No. 1 at 3. But neither § 2409a nor Rule 57 creates any private right of action against a private lender to assert a quiet title action.

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motions for Leave to Proceed In Forma Pauperis (Case No. 25-cv-1152, ECF Nos. 12 & 16, and Case No. 25-cv-1567, ECF No. 7) are GRANTED;

2. The *Brenner* case is REMANDED back to the Circuit Court for Baltimore City;

3. The *Young* case is DISMISSED;

4. The other motions filed by Ms. Young in both cases (in Case No. 25-cv-1152: ECF Nos. 13, 20, 21, 22, & 23, and in Case No. 25-cv-1567 ECF Nos. 15 & 19) are DENIED AS MOOT;

5. The Clerk is directed to CLOSE both cases.

Date:  October 23, 2025                                          /s/
                                                                            Adam B. Abelson
                                                                            United States District Judge